Elizabeth Terry DUNCAN and The State National Bank of El Paso, Independent Executors of the Estate of Ernest Allen Duncan, Deceased, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 1619.

United States District Court W. D. Texas, El Paso Division.

July 17, 1956.

Eugene T. Edwards, El Paso, Tex., for plaintiffs.

Wm. Monroe Kerr, Asst. U. S. Atty., El Paso, Tex., for defendant.

THOMASON, District Judge.

The Court, having heard the captioned case without the aid of a jury, makes these its Findings of Fact and Conclusions of Law.

Findings of Fact

1.

This action is brought pursuant to the provisions of Section 1346(a) of Title 28, United States Code, for the recovery of a portion of estate tax paid by the estate of Ernest Allen Duncan, deceased, to the Director of Internal Revenue at Austin, Texas.

2.

The plaintiffs are the co-executors of the estate of Ernest Allen Duncan, deceased, who died February 7, 1950, while a resident of El Paso County, Texas, within the El Paso Division of this Court, in which County the estate of the deceased is being administered.

3.

Prior to March 6, 1951, the plaintiffs filed with the office of Frank Scofield, then United States Collector of Internal Revenue for the First Collection District of Texas, an Estate Tax Return for the estate of Ernest Allen Duncan, deceased, and remitted therewith the sum of $4,512.40 as the amount of Federal Estate Tax due.

4.

In Schedule B-2 of the Estate Tax Return for the estate of Ernest Allen Duncan, deceased, the plaintiffs reported items 15 to 30, inclusive, and consisting of common stock issue shares and mutual fund shares, as the community property of the deceased and his wife, Elizabeth Terry Duncan.

**5.**

In Schedule B–3 of the Estate Tax Return for the estate of the deceased, the plaintiffs reported items 31 to 37, inclusive, and consisting of accrued bond interest, as community property of the deceased and his wife, Elizabeth Terry Duncan.

**6.**

In Schedule C of the Estate Tax Return for the estate of the deceased, the plaintiff reported a checking account in the State National Bank, El Paso, Texas, in the name of E. A. Duncan and cash on deposit with E. F. Hutton & Co. (stock brokers), El Paso, Texas, in the name of Ernest A. Duncan, as community property of the deceased and his wife, Elizabeth Terry Duncan.

**7.**

In Schedule J of the Estate Tax Return for the estate of the deceased, the plaintiffs reported as funeral and administrative expenses $2,500 executor's commission and $4,000 as attorney's fees.

**8.**

After receiving the Estate Tax Return for the estate of the deceased, the District Director of Internal Revenue, Austin, Texas, adjusted those items described in paragraphs 4, 5 and 6 hereof to include them in the estate of the deceased as the separate property of the deceased rather than the community property of the deceased and his wife, Elizabeth Terry Duncan, and further adjusted the items described in paragraph 7 hereof to allow only so much thereof as bore the ratio of the value of the separate property of the deceased and his share of the community property of the deceased and his wife over the value of the separate property of the deceased and the whole of the community property of the deceased and his wife.

**9.**

At trial, counsel for the defendant confessed error in the adjustment by the Director of Internal Revenue of the items described in paragraph 5 above from community property of the deceased and his wife, Elizabeth Terry Duncan, to separate property of the deceased.

**10.**

Prior to his marriage with Elizabeth Terry, Duncan carried a checking account with State National Bank of El Paso, on which the balance to his credit on October 28, 1946, the date of his marriage to Elizabeth Terry, is not shown, nor is the balance to his credit on that account shown on any other date prior to February 7, 1950, the date of his death, on which date the balance was $6,636.33.

**11.**

After the marriage on October 28, 1946, E. A. Duncan, who was engaged in the practice of medicine in El Paso, Texas, deposited in the account mentioned in paragraph 10 above, up to the time of his death all earnings from his profession, and also dividends from corporate stocks, which deposits were made a few days or weeks apart as they accrued, in the total sum of $22,003.96 (made up of $5,476.23 in 1947, $7,451.79 in 1948, and $8,075.94 in 1949), plus whatever community funds were acquired in the last two months of 1946, and plus whatever community funds were acquired in 1950 to February 7 of that year, without any means of identifying or distinguishing community funds from any separate estate funds of E. A. Duncan which may have been included in the general bank balance on any particular date.

**12.**

There is no evidence showing the amount of money from the separate estate of E. A. Duncan which was deposited in the E. A. Duncan checking account with the State National Bank of El Paso after his marriage to Elizabeth Terry, or when it was deposited.

**13.**

At the time of the marriage of E. A. Duncan and Elizabeth Terry on October 28, 1946, he was carrying with E. F. Hutton & Company, New York stock brokers, with an office in El Paso, Texas,

a cash account which he used in the purchase and sale of corporate stocks as investments through E. F. Hutton & Company, and on that date there stood to the credit of Ernest A. Duncan $135.49. Commencing in the latter part of December 1946, and continuing through December 23, 1949, on which date this account was closed and balanced out it was quite active.

With the exception of stocks bought on margin or sold "short", after the marriage of Dr. Duncan and Elizabeth Terry, for which separate accounts were kept, the proceeds of all stocks sold by him through E. F. Hutton & Company were credited to this cash account, and all stocks bought by him were charged against this account. Eleven of the sixteen separate stocks which were acquired by E. A. Duncan after the marriage, as shown in paragraph 4 of the written stipulation between the parties hereto, introduced in evidence as Plaintiffs' Exhibit 1, were bought through E. F. Hutton & Company, the first being 400 shares of Adams Express on September 3, 1947, and the last being 100 shares of Television Fund, Inc., bought May 24, 1949.

Cash deposits were made to the credit of Ernest A. Duncan in this account as follows: On February 24, 1947, $500; October 21, 1947, $5,000; November 5, 1947, $2,000; November 13, 1947, $4,000; November 14, 1947, $19; May 26, 1948, $8,106.94; August 24, 1948, $1,371.36; August 26, 1948, $1.35; August 31, 1948, $3,151.93; October 7, 1948, $2,092.62; December 16, 1948, $5,000; March 14, 1949, $5,000; August 2, 1949, $6,000; November 28, 1949, $3,000; and on November 30, 1949, $739.89 by transfer from the "short" account hereinafter mentioned, and this last deposit balanced and closed this account.

With the exception of this transfer from the "short" account, the deposits mentioned constituted transfers of money from the account of E. A. Duncan with the State National Bank of El Paso. In addition to these cash deposits and deposits of the proceeds of sales of stocks bought before and after marriage there were also deposited dividends received after marriage on stocks as follows: November 26, 1947, $99.82, September 30, 1948, $25; October 25, 1948, $100; and December 24, 1948, $459.

14.

In addition to his cash account mentioned above for investments, Ernest A. Duncan opened with E. F. Hutton a "short" account on February 11, 1949, by transferring $5,557.77 to the new "short" account from the cash investment account.

After several transactions in this account $739.89 was transferred back to the cash investment account on November 30, 1949, leaving a balance of $1,783.-97, which was shown as community property in Item 6, Schedule C of the Estate Tax Return, Plaintiffs' Exhibit 2.

15.

*Four of the sixteen separate stocks* which were acquired by E. A. Duncan after marriage with Elizabeth Terry, listed in paragraph 4 of the written stipulation between the parties (Plaintiffs' Exhibit 1), were not bought through E. F. Hutton & Company, but were bought through "over the counter" dealers as follows:

200 shares of American Research & Development Company on October 27, 1947.

100 shares of Loomis-Sayles Mutual on November 10, 1947.

200 shares of Keystone Custodian Fund on March 11, 1948.

100 shares of Selected Industries Comm. Convert. Pfd. on March 11, 1948.

16.

One of the sixteen stocks acquired by E. A. Duncan after marriage with Elizabeth Terry, to-wit: 100 shares of Hugoton Products Company, was received by him on June 23, 1949 as a dividend from Panhandle Eastern Pipe Line Company.

**17.**

After making the adjustments described in paragraph 8 above, and others not in controversy, the Director of Internal Revenue determined that the amount of Federal Estate Tax due on the estate of Ernest Allen Duncan, deceased, was $14,224.96 and assessed against that estate a deficiency of $9,417.56 with interest thereon at 6% per annum from May 6, 1951, the latest date for filing the return.

**18.**

On December 18, 1953, in payment of the assessments of the District Director of Internal Revenue, the plaintiffs paid in addition $10,892.97, composed of $9,417.56 tax deficiency and $1,475.41 interest on said deficiency.

## Conclusions of Law

**1.**

This Court has jurisdiction of this action.

**2.**

 The District Director of Internal Revenue erred in adjusting the items described in paragraph 5 of the Findings of Fact from community property of the deceased and his wife, Elizabeth Terry Duncan, as returned, to separate property of the deceased, and assessing a tax deficiency based thereon.

**3.**

 Separate property of the deceased, Ernest Allen Duncan, was used wholly to purchase the common stock and mutual fund shares described in paragraph 4 of Findings of Fact and the funds and accounts described in paragraph 6 of Findings of Fact were totally comprised of separate property of Ernest Allen Duncan, deceased, at his death.

**4.**

The separate funds and property of Ernest Allen Duncan, deceased, maintained their identity as such throughout the marriage of Ernest Allen Duncan, deceased, to Elizabeth Terry Duncan.

**5.**

The proceedings and judgment of Civil Action Number 69,212 in the District Court of El Paso County, Texas, 41st Judicial District, styled Elizabeth Terry Duncan et al. v. Mrs. Edward T. Hahn et al., did not determine whether the assets described in paragraphs 4 and 6 of Findings of Fact, or any part thereof, were community property of the deceased and his wife, Elizabeth Terry Duncan, or separate property of the deceased, Ernest Allen Duncan.

**6.**

The proceedings culminating in the judgment described in paragraph 5 hereof were not fully adversary.

**7.**

The plaintiffs failed to sustain the burden of proof upon them to prove that the District Director of Internal Revenue erred in adjusting the items described in paragraphs 4 and 6 of the Findings of Fact as found in paragraph 8 of the Findings of Fact and assessing a tax deficiency based thereon.

**8.**

The defendant went forward with sufficient evidence to refute any inference or presumption that the property items described in paragraphs 4 and 6 of the Findings of Fact were community property of the deceased and his wife.

**9.**

The defendants proved that the property items described in paragraphs 4 and 6 of the Findings of Fact were the separate property of Ernest Allen Duncan, deceased.

**10.**

The proceedings and judgment described in paragraph 5 and paragraph 6 of the Conclusions of Law are in no way binding on the defendant herein on any issue before the Court in this case.

**11.**

The adjustment by the Director of Internal Revenue of the items described in paragraph 7 of the Findings of Fact:

**360**

as found in paragraph 8 of the Findings of Fact was not erroneous.

**12.**

The only relief to which the plaintiffs are entitled is for a refund of so much of the tax and interest thereon as was paid on December 18, 1953, because of the error of the District Director of Internal Revenue in adjusting those items described in paragraph 5 of the Findings of Fact as found in paragraph 8 of the Findings of Fact.